UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ED-GEORGE [for the family-parenteau] steward for the
Trustee Petitioner,

                      Plaintiff,         1:09-CV-869
                                                (GTS/DRH)

   v.

KATHLEEN BURNS; ANTHONY KALIMERAS; JEFF COHEN;
DARRELL DAY; DAVID M. ACKERT; TOWN OF LLOYD,
corporation-employee at "25 Milton Ave. Highland, NY 12528";
THE PEOPLE OF THE STATE OF NEW YORK, also known as
State of New York, 4ESP, Suite 2001, Empire State Plaza,
Albany, NY 12223-1450; TOWN OF LLOYD COURT; EUGENE
J. RIZZO; AMY SHUMAN, at "12 Church Street, Suite 2
Highland, New York 12528"; DANIEL M. MARTUSCELLO,
Assistant District Attorney, at "275 Wall Street Kingston, NY
12401"; TOWN OF LLOYD is being sued as a person at
"12 Church Street, Suite 2, Highland, New York 12528";
RAYMOND COSTANTINO, Supervisor; NANCY E. HAMMOND,
Councilmember; MICHAEL HORODYSKI, Councilmember;
KEVIN BRENIE, Councilmember; PATRICK PHILLIPS, Councilmember;
and TOWN OF LLOYD POLICE DEPARTMENT being sued as a
person at 25 Milton Ave., Highland, New York 12528,

                      Defendants.
_____

APPEARANCES:

ED-GEORGE
Plaintiff Pro se
General Post Office
Kearny, New Jersey 07032


DAVID R. HOMER, U.S. MAGISTRATE JUDGE


**REPORT-RECOMMENDATION and ORDER**

**1. Background**

      The Clerk has sent to the Court a complaint, together with an application to

proceed *in forma pauperis,* filed by Ed-George ("plaintiff" or "Ed-George"), who is

appearing pro se. Plaintiff has not paid the filing fee for this action.

In his complaint, Ed-George alleges various civil rights violations including unlawful search and seizure, wrongful detention, false arrest, and due process claims. For a complete statement of plaintiff's claims, reference is made to the complaint. Docket No. 1.

As to Ed-George's's application to proceed *in forma pauperis*, after reviewing the file, the Court finds that plaintiff may properly proceed with this matter *in forma pauperis*.

## II. Plaintiff's Complaint

### A. Defendant State of New York

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Additionally, pursuant to 28 U.S.C. § 1915A,

> The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and] dismiss the complaint . . . if . . . [it] (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §§ 1915A(a) & (b).

The law is well established that under the Eleventh Amendment to the United States Constitution, both the State of New York and its subdivisions are immune from suits such as this.  See Pennhurst State Sch & Hosp. v. Haldeman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 11 (1890); see also, Quern v. Jordan, 440 U.S. 332, 340-41 (1979) (applying Eleventh Amendment immunity to claims under § 1983).   Plaintiff's claims here against the State of New York should be dismissed.

### B.  Defendant Judge Eugene J. Rizzo

One of the named defendants in Ed-George's complaint is Town Justice Eugene J. Rizzo.  Ed-George alleges violations of due process by defendant Judge Rizzo.  Ed-George contends that Judge Rizzo failed to explain fully the charges against the plaintiff and that a formal complaint was not served upon him.  For the reasons stated below, the claims against Judge Rizzo should be dismissed from plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and N.D.N.Y.L.R. Rule 5.4(a).

28 U.S.C. § 1915(e), as amended, directs that the Court:

(2)     [S]hall dismiss the case at any time if the court determines that -
***

(B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The law in this Circuit clearly provides that "[j]udges enjoy ***absolute immunity*** from personal liability for 'acts committed within their judicial jurisdiction.'"  Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting Pierson v. Ray, 386

3

U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Young, 41 F.3d at 51 (internal quotations omitted). Accordingly, plaintiff's claims against Judge Rizzo should be dismissed.

### C. Defendants Costantino, Hammond, Horodyski, Brenie and Phillips.

In his complaint, Ed-George names as defendants Raymond Costantino, Nancy E. Hammond, Michael Horodyski, Kevin Brenie and Patrick Phillips. Docket No. 1 at p.3. However, other than those defendants being listed as parties, the complaint contains no specific allegations of wrongdoing by those defendants.

Plaintiff is advised that "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.' " Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir.1991)). Furthermore, Ed-George is advised that the law in this Circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." Hunt v. Budd, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987) (other citations omitted)); Pourzandvakil v. Humphry, 94-CV-1594, 1995 U.S.Dist. LEXIS 7136, *24-25 (N.D.N.Y. May 22, 1995) (Pooler, J.) (citation omitted).

Moreover, under 28 U.S.C. § 1915A, a court must review any complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental

4

agency and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (citation omitted). Thus, the claims as to defendants Costantino, Hammond, Horodyski, Brenie and Phillips should be dismissed.

### D.  The Remaining Defendants.

As to the remaining defendants in Ed-George's complaint, the Court finds that the case may proceed.

WHEREFORE, it is hereby

**RECOMMENDED** that the complaint as to defendant the State of New York be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and it is further

**RECOMMENDED** that the claims against Town Justice Eugene J. Rizzo be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District; and it is further

**RECOMMENDED** that defendants Raymond Costantino, Nancy E. Hammond, Michael Horodyski, Kevin Brenie and Patrick Phillips be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b); and it is further

**ORDERED**, that Ed-George's *in forma pauperis* application is granted.[1] The

---

[1] Plaintiff should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

5

Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the named defendants.[2]

**ORDERED**, that a response to the complaint be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on defendants; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 5th Floor, James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing the date that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Court or the Clerk that does not include a proper certificate of service will be returned without processing.**  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless

---

[2]Plaintiff is required to provide the Clerk's Office with the appropriate number of summonses – one for each named defendant – with proper names and address for each named defendant.

otherwise ordered by the Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


**IT IS SO ORDERED.**
Dated:  August 6, 2009

_David R. Homer_
United States Magistrate Judge