UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ED-GEORGE, for the Family-Parenteau,
Steward for the Trustee Petitioner,
        Plaintiff,

v.                1:09-CV-0869
                  (GTS/DRH)

KATHLEEN BURNS; ANTHONY KALIMERAS;
JEFF COHEN; DARRELL DAY; DAVID M. ACKERT;
JUSTICE EUGENE J. RIZZO; AMY SHUMAN;
DANIEL M. MARTUSCELLO; RAYMOND
COSTANTINO; NANCY E. HAMMOND; MICHAEL
HORODYSKI; KEVIN BRENIE; PATRICK PHILLIPS;
TOWN OF LLOYD; TOWN OF LLYOD POLICE
DEPARTMENT; TOWN OF LLOYD JUSTICE COURT;
and PEOPLE OF THE STATE OF NEW YORK,
        Defendants.
_____

APPEARANCES:          OF COUNSEL:

ED PARENTEAU a/k/a "ed-george [for the family-parenteau]"
 Plaintiff, *Pro Se*
General Post-Office
Kearny, NJ 07032

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

   Currently pending before the Court in this *pro se* civil rights action is a motion filed by Ed Parenteau a/k/a "ed-george [for the family-parenteau]" (hereinafter "Plaintiff") to proceed *in forma pauperis*. (Dkt. No. 2.) On August 6, 2009, Magistrate Judge Homer issued a Report-Recommendation recommending (1) that Plaintiff's motion be granted, and (2) that certain Defendants named in Plaintiff's Complaint be *sua sponte* dismissed. (Dkt. No. 4.) For the reasons set forth below, the Report-Recommendation is adopted as modified.

**I.     RELEVANT BACKGROUND**

On July 28, 2009, the Court issued a Decision and Order remanding a New York State criminal proceeding against Plaintiff, which he had improperly removed to federal court. *See People of State of New York v. Ed Parenteau*, 09-CV-0681, 2009 WL 2256924 (N.D.N.Y. July 28, 2009) (Suddaby, J., adopting Report-Recommendation of Homer, M.J.). The next day, Plaintiff filed this action based on the same criminal prosecution. (Dkt. No. 1.)

More specifically, construed with the utmost of special leniency, Plaintiff's Complaint in this action alleges that, on the morning of March 4, 2009, he was wrongfully arrested for false personation (pursuant to N.Y. Penal Law § 190.23) and trespass (pursuant to N.Y. Penal Law § 140.05) at a property owned by Wells Fargo Bank in the Town of Lloyd, Ulster County, New York. (*Id.*) The Complaint further alleges that, subsequently, he was wrongfully detained for approximately five hours and prosecuted for these offenses in Lloyd Justice Court in Case Numbers 09030152 and 09030362. (*Id.*) Finally, he alleges that, due to these events, thirteen individuals and three governmental entities subjected him to, *inter alia*, unlawful search and seizure, unlawful custodial interrogation, denial of counsel, false arrest, unlawful detention, cruel and unusual punishment, and malicious prosecution, in violation of his rights under the United States Constitution. (*Id.*)[1]

These individuals and governmental entities were as follows: (1) five employs of the Town of Lloyd Police Department (Chief David Ackert and Officers Kathleen Burns, Anthony

---

[1] At the crux of Plaintiff's claim, and apparent criminal defense, is his allegation that, on the morning of March 4, 2009, police officers asked him for "non-existent information" such as his name, date of birth, and residential address. (Dkt. No. 1, ¶¶ 63-64.) He alleges his name is not Ed Parenteau (which is the name of a "fictitious" person), but "ed-george: [for the family-parenteau]." (*Id.* at ¶ 1.)

Kalimeras, Jeff Cohen, and Darrell Day); (2) two employees of the Town of Lloyd Justice Court (Justice Eugene Rizzo and his Clerk, Amy Shuman); (3) an assistant district attorney in the Ulster County District Attorney's Office (Daniel Martuscello); (4) five members of the town of Lloyd Council (Supervisor Raymond Costantino, and Council members Nancy Hammond, Michael Horodyski, Kevin Brenie, and Patrick Phillips); (5) the Town of Lloyd Police Department; (6) the Town of Lloyd; and (5) the State of New York   (*Id.*)

On August 6, 2009, Magistrate Judge David R. Homer issued a Report-Recommendation recommending as follows: (1) that Plaintiff's motion to proceed *in forma pauperis* be granted; (2) that Defendant State of New York be dismissed as per the Eleventh Amendment; (3) that Defendant Judge Eugene J. Rizzo be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and N.D.N.Y.L.R. Rule 5.4(a) because "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction"; (4) that Defendants Raymond Costantino, Nancy E. Hammond, Michael Horodyski, Kevin Brenie and Patrick Phillips be dismissed because, "other than . . . being listed as parties, the Complaint contains no specific allegations of wrongdoing by th[ese] [D]efendants," and "personal involvement . . . is a prerequisite to an award of damages under §1983"; and (5) that the case proceed against the remaining Defendants. (Dkt. No. 4.)

On August 19, 2009, Plaintiff filed an Objection to those portions of the Report-Recommendation that recommended the dismissal of various of his claims.  (Dkt. No. 8.)

3

**II.     ANALYSIS**

    **A.     Plaintiff's Motion to Proceed** *In Forma Pauperis*

Plaintiff has requested that the Court allow him to proceed *in forma pauperis*. (Dkt. No. 2, Part 1.) However, his motion to proceed *in forma pauperis* is not supported by an affidavit as required by 28 U.S.C. § 1915(a)(1) and Local Rule 5.4(a). (*Id*.) In particular, Plaintiff's Application is neither notarized nor sworn to pursuant to 28 U.S.C. § 1747. (*Id*.) Rather, the end of the Application reads as follows: "I declare under penalty under the Laws of The Father In Heaven, Our Creator, YaHaWaH, Matthew 5:37 'But Let your Word 'Yea,' and your 'No' be 'No.' And what goes beyond these is from the wicked one.': that the above information is true and correct and not misleading." (*Id*. at 2; *see also id.* at 4 [containing same language with caveat that the foregoing information is "true and correct to the best of my knowledge"].) Such a declaration omits the equivalent of the phrase "under the penalty of perjury under the laws of the United States of America," which is expressly required by 28 U.S.C. § 1746.

Granted, 28 U.S.C. § 1746 requires only that a declaration be "substantially" in the form described above. 28 U.S.C. 1746. As a result, two district courts have held that the language "under the laws of the United States of America" is "not a rigid requirement." *Matsuda v. Wada*, 101 F. Supp.2d 1315, 1323 (D. Hawaii 1999); *see also Ty, Inc. v. MJC-A World of Quality, Inc*., 93-CV-3478, 1994 WL 36880, at *2 (N.D. Ill. Feb. 8, 1994) (an omission of the phrase "'under the laws of the United States of America' . . . does not substantially alter the form prescribed by Congress"). As an initial matter, the Court distinguishes the *Matsuda* and *Ty, Inc.* cases from the current case because, unlike the current case, the former cases did not involve a declarant who challenged the legal existence and thus authority of the United States. (*See generally* Dkt. No.

1.)  In any event, setting aside that issue, neither case stands for the proposition that the declarant need not use the words, "under penalty of perjury"; to the contrary, both cases hold that such words are *required* by 28 U.S.C. § 1746.  *Wada*, 101 F. Supp.2d at 1323; *Ty, Inc*., 1994 WL 36880, at *2.  Here, Plaintiff has carefully crafted his certification so as not to use those words.  (*See* Dkt. No. 1, Part 1, at 2.)  Simply stated, it is far from clear to the Court that Plaintiff "fully appreciates the consequences[,] or [is] impressed with the solemnity[,] of [his] declarations."  *Ty, Inc*., 1994 WL 36880, at *2.

Ordinarily, the Court might overlook such a fact out of special leniency to Plaintiff as a *pro se* civil rights litigant.  However, in this case, Plaintiff has made certain factual assertions in the Application that appear inconsistent with allegations contained in his Complaint.  For example, in his Application, Plaintiff asserts that he does not "own any real estate."  (Dkt. No. 2, Part 1, ¶ 5.)  The problem is that, in his Complaint, he alleges that various of the Defendants "trespass[ed]" on "private land in possession, ownership and control of [Plaintiff]."  (Dkt. No. 1, Part 1, ¶¶ 41, 42.)  Moreover, in his Application, Plaintiff asserts that he does not have any monthly income, "cash, checking or savings accounts," or "other assets."  (Dkt. No. 2, Part 1, ¶¶ 3-5.)  He also asserts, in a Supplemental Application, that he has never had a job.  (*Id*. at Supp. App., ¶ 2.b.)  These assertions are confusing at best since, in his Complaint, he alleges facts plausibly suggesting that (1) he rented a van at some point before March 4, 2009, which he presumably used to drive up from New Jersey to the Town of Lloyd, (2) in that van he had stored "personal property," and (3) he was able to pay five hundred dollars ($500) in bail, upon demand, on or about March 10, 2009.  (Dkt. No. 1, Part 1, ¶¶ 54, 77-80.)  As a result, the Court finds that Plaintiff is being less than truthful regarding his current financial condition.

For all these reasons, Plaintiff is directed to do either of the following two things within thirty (30) days of the date of this Decision and Order: (1) re-submit an IFP application that complies with the requirements of 28 U.S.C. § 1746; or (2) pay the Court's filing fee of three hundred and fifty dollars ($350). In the event that Plaintiff chooses not to do one of these two things, his *in forma pauperis* status will be revoked and his entire Complaint will be dismissed without further Order of the Court.

### B.     Review of Plaintiff's Complaint

Having reviewed Plaintiff's motion to proceed *in forma pauperis*, the Court must now review the sufficiency of the allegations that he has set forth in his complaint in light of 28 U.S.C. § 1915(e). This is because Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, 28 U.S.C. § 1915A(a) directs that the Court review a complaint in a civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and directs that the Court dismiss the complaint if it is frivolous, malicious, or fails to state a claim on which relief may be granted.

#### 1.     Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[2] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[3] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

### 2. Standard Governing Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

It has long been understood that a dismissal for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), may be based on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review) [citations omitted].

With regard to the first ground, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. By requiring this "showing," Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 [citations omitted]. The main purpose of this rule is to "facilitate a proper decision on the merits." *Id*. at 212, n.18 [citations omitted].[4]

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement. *Id*. at 212, n.20 [citations omitted]. However, even this liberal notice pleading standard "has its limits." *Id*. at 212, n.21 [citations

---

[4] *See also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

omitted]. As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard. *Id.* at 213, n.22 [citations omitted].

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 1965 [citations omitted]. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.* [citations omitted].[5]

As have other Circuits, the Second Circuit has recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, including

---

[5] *See also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("[The Supreme Court] is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.").

claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[6] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted; emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.[7]

---

[6] *See*, *e.g.*, *Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. March 27, 2008) (in *pro se* action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Rule 32.1[c][1] of the Local Rules of the Second Circuit); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

[7] For example, in *Erickson*, the Supreme Court held that, because the plaintiff-prisoner had alleged that, during the relevant time period, he suffered from hepatis C, he had alleged facts plausibly suggesting that he possessed a sufficiently serious medical need for purposes of an Eighth Amendment claim of inadequate medical care. *Erickson*, 127 S. Ct. at 2199-2200. Expressed differently, the Court held that such a plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatis C

Finally, in reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. This standard is applied with even greater force where the plaintiff alleges civil rights violations and/or where the complaint is submitted *pro se*. However, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[8] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[9] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[10] Stated more plainly, when a plaintiff is

---

medication (a requirement that had been imposed by the district court). This point of law is hardly a novel one, which is presumably why the *Erickson* decision was relatively brief. Prior to the Supreme Court's decision, numerous decisions, from district courts within the Second Circuit alone, had found that suffering from hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000). The important thing is that, in *Erickson*, even the *pro se* plaintiff was required to allege some sort of fact.

[8]     *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

[9]     *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[10]     *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as

proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].

With this standard in mind, the Court will review Plaintiff's Complaint.

### 3.     Analysis of Plaintiff's Complaint

The named Defendants in this case are all Government officials and/or entities, who either (1) arrested Plaintiff, (2) prosecuted Plaintiff, or (3) presided over Plaintiff's prosecution. Because prosecutors, judges, and law enforcement officials entrusted with significant administrative or executive policy-making responsibilities are entitled to absolute immunity, all claims against any of these Defendants must be dismissed. *Mireles v. Waco*, 502 U.S. 9 (1991) (judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities).[11]  As a result, Defendants Rizzo, Shuman and Martuscello are dismissed.[12]

---

to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

[11]     *See also Mai v. Doe*, 5 F. App'x. 78, 78 (2d Cir. March 16, 2001) ("[C]ourt clerks enjoy absolute immunity when, as in this case, they act at the direction of the judges of the court"); *Humphrey v. Court Clerk for the Second Circuit*, 08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008) (Hurd, J.) (granting court clerk absolute immunity for "administrative functions . . . undertaken pursuant to the explicit direction of a judicial officer"); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Algarin v. Town of Wallkill*, 313 F. Supp.2d 257, 260 (S.D.N.Y. 2004) ("Absolute immunity is conferred upon government officials entrusted with significant administrative or executive policy-making responsibilities.") (internal quotation marks and citation omitted).

[12]     With regard to Defendant Martuscello, it appears that Plaintiff is alleging that he is liable for failing to answer a "Notice Demand for a Definite Statement of Allegation of Bona

With regard to Plaintiff's claims against the State of New York, these claims must be dismissed because the state is entitled to sovereign immunity.

With regard to Plaintiff's claims against Defendants Raymond Costantino, Nancy E. Hammond, Michael Horodyski, Kevin Brenie and Patrick Phillips, these claims must be dismissed because, as Magistrate Judge Homer indicated, "personal involvement . . . is a prerequisite to an award of damages under §1983," and "other than . . . being listed as parties, the Complaint contains no specific allegations of wrongdoing by th[ese] [D]efendants." For the same reasons, Defendant Ackert must also be dismissed.

With regard to Defendant's claims against the Town of Lloyd Police Department and the Town of Lloyd Justice Court, the Court finds that these entities are merely "administrative arm[s] of the same municipal entity–the [Town]–and thus lack the capacity to be sued." *Crews v. County of Nassau*, 06-CV-2610, 2007 WL 4591325, at *1, n.1 (E.D.N.Y. Dec. 27, 2007).[13] As a result, the Court dismisses Plaintiffs' claims against the Town of Lloyd Police Department and

---

Fide Jurisdiction" served on him by Plaintiff during a court appearance. To the extent that Plaintiff is asserting that Defendant Martuscello had some duty, in his capacity as prosecutor, to respond to this notice demand, Plaintiff has failed to state a claim against Defendant Martuscello because his claim is related to Defendant Martuscello's prosecution of Plaintiff on criminal charges. *See Miles v. Valle*, 07-CV-0741, 2007 WL 2362356, at *2 (N.D.N.Y. Aug. 14, 2007) (Sharpe, J.) ("Prosecutors are absolutely immune from liability under § 1983 in matters involving the prosecution-or failure to prosecute-individuals. Because Miles' claims against District Attorney Greenburgh and Assistant District Attorney Wiest are related to their prosecution of Miles on criminal charges, Miles has failed to state a claim against Greenburgh and Wiest.") (citations omitted).

[13]  *See also Caidor v. M & T Bank*, 05-CV-0297, 2006 WL 839547, at *2 (N.D.N.Y. March 27, 2006) (Scullin, J.); *Loria v. Town of Irondequoit*, 775 F. Supp. 599, 606 (W.D.N.Y.1990) ("Pursuant to Fed. R. Civ. P. 17, New York law governs the capacity of the police department to sue or be sued. In New York, departments like the defendant, which are merely administrative arms of a municipal corporation, do not have a legal identity separate and apart from the town.") (other citation omitted).

the Town of Lloyd Justice Court.  To the extent that Plaintiff wishes to continue pursuing a claim against either of these entities, the proper party against whom those claims may be brought is the Town of Lloyd.

Finally, with regard to the remaining Defendants–which consist of Defendant Town of Lloyd, and Defendants Burns, Kalimeras, Cohen, and Day–in the event that the criminal charges brought against Plaintiff are still pending, Plaintiff's claims against these Defendants would not be ripe.  Moreover, as made clear by the Supreme Court in *Heck v. Humphrey*, "a plaintiff whose criminal conviction has not been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,' may not seek damages under 42 U.S.C. § 1983 for alleged violations of his constitutional rights."  *Brady v. Marks*, 7 F. Supp.2d 247, 252-53 (W.D.N.Y. 1998) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 [1994]).  "In so holding, the Supreme Court looked at the essence of a § 1983 claim, which creates a species of tort liability, and determined that the issue must be analyzed by looking first to the common law of torts, and specifically the tort of malicious prosecution."  *Marks*, 7 F. Supp.2d at 253 (internal quotation marks and citations omitted).  "To prove a malicious prosecution, a plaintiff must demonstrate that the criminal proceeding terminated in his favor."  *Id*.  "This requirement avoids parallel litigation over the issues of probable cause and guilt and it precludes the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."  *Id*. (internal quotation marks and citations omitted).  "Furthermore, to permit a convicted criminal to proceed

14

with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit." *Id.* (internal quotation marks and citations omitted).

For all of these reasons, Plaintiff is directed to, within thirty days from the date of this Decision and Order, file a letter advising the Court of the status of the criminal proceedings brought against him relating to the instant action. In the event that Plaintiff fails to provide the Court with a status update within thirty days of the date of this Decision and Order, Plaintiff's claims against Defendant Town of Lloyd and Defendants Burns, Kalimeras, Cohen, and Day will be *sua sponte* dismissed without prejudice for lack of ripeness.

Finally, the Court notes that Plaintiff has apparently adopted the practice of returning the Court's mail as "undeliverable" with an official-looking (but fabricated) notice that the sender is committing "mail fraud" under 18 U.S.C. § 1341 by using a postage meter instead of "American postage stamps" on mail sent to Plaintiff's post office box. (*See* Dkt. Nos. 7, 10, 11.) Based on the fact that Plaintiff has filed an Objection to a document contained in a piece of mail that he claims was undeliverable, the Court finds that Plaintiff received the piece of mail in question. (*See* Dkt. No. 8.) However, should Plaintiff continue this misleading and potentially confusing abuse of the mail system (and litigation process), the Court will be forced to require him to file with the Court an address of record other than his post office box. *See* Local Rule 10.1(c)(2) (which requires that a *pro se* litigant provide the Court with his or her current address).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2.) is **conditionally GRANTED**; and it is further

**ORDERED** that, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff shall do either of the following two things: (1) re-submit an IFP application that complies with the requirements of 28 U.S.C. § 1746; or (2) pay the Court's filing fee of three hundred and fifty dollars ($350); and it is further

**ORDERED** that, in the event that Plaintiff chooses not to do one of the above-described two things, his *in forma pauperis* status will be revoked and his *entire* Complaint will be **DISMISSED** without further Order of the Court, pursuant to Fed. R. Civ. P. 41(b), Local Rule 5.4(a), and the Court's inherent power to manage its docket; and it is further

**ORDERED** that, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff shall *also* file a letter advising the Court of the status of the criminal proceedings brought against him relating to the instant action; and it is further

**ORDERED** that, in the event that Plaintiff fails to provide the Court with the referenced letter within thirty days of the date of this Decision and Order, his claims against Defendant Town of Lloyd and Defendants Burns, Kalimeras, Cohen, and Day will be *sua sponte* **DISMISSED** without prejudice for lack of ripeness; and it is further

**ORDERED** that, regardless of whether or not Plaintiff satisfies the above-described requirements, his claims against Defendants Rizzo, Shuman, Martuscello, Costantino, Hammond, Horodyski, Brenie, Phillips, Ackert, Town of Lloyd Police Department, Town of Lloyd Justice Court, and the State of New York are *sua sponte* **DISMISSED**.

Dated: September 8, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge